IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO.

| | |
|---|---|
| BRAD BUMGARDNER,<br>on behalf of himself and<br>all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF GASTONIA<br><br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)    CLASS ACTION COMPLAINT<br>)<br>)<br>)<br>)<br>) |

## NATURE OF THE ACTION

Plaintiff Brad Bumgardner, individually and on behalf of Police Officer and Firefighter Classes of all other similarly situated persons, bring this action against the City of Gastonia ("the City" or "Defendant" ) for its violations of the Americans with Disabilities Act of 1990 as amended, 42. U.S.C. § 12101 et seq., ("ADA"), and Title II of the Genetic Information Non-Discrimination Act of 2008, 42 U.S.C. 2000ff et seq., ("GINA") to correct unlawful employment practices on the basis of disability and genetic information, and to provide appropriate relief to Plaintiff and two classes of aggrieved individuals adversely affected by such practices.

As alleged in this Class Action Complaint, the Defendant discriminated against Bumgardner, a qualified individual with a disability, when it required him to pay for additional testing out of pocket, due to his disability, specifically, diabetes. Further, the City discriminated against similarly situated employees for similar practices and for seeking medical information which is not a business necessity or related to the essential functions of Plaintiff and individuals similarly situated in violation of the ADA.

1

In addition, Defendant unlawfully requested and sought genetic information about Plaintiff and a class of employees of the City or Defendant (Police Officers and Firefighters) for continued employment, by requiring them to provide personal genetic information and family medical information in direct violation of GINA.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, and 1343. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12117(a), and Section 207(a) of the Genetic Information Non-Discrimination Act of 2008, 42 U.S.C. § 2000ff-6(a), both of which incorporate by reference Section 706(t)(l) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.§ 2000e-5(t)(l) and (3).

2. At all times relevant herein, the wrongful employment practices were committed within the jurisdiction of the United States District Court for the Western District of North Carolina.

## PARTIES

3. The named Plaintiff, Mr. Brad Bumgardner, is a resident of Cleveland County, North Carolina. At all times pertinent to this action, Plaintiff was an employee of the City of Gastonia, within the meaning and definition of the ADA and GINA. Plaintiff's W-2 tax form reflects that the City of Gastonia is his employer.

4. At all times pertinent to this action, each named Plaintiff and putative Class Member has been employed by the City as either a sworn law enforcement office or Police Officer, or as a Firefighter; and in this capacity, each putative Class Member is or has been an employee of Defendant, within the meaning of the ADA and GINA.

5. Defendant, the City of Gastonia, North Carolina, is a city established and existing pursuant to Chapter 160A of the North Carolina General Statutes, as defined and described in N.C.G.S. § 160A-11. In exercise of its statutory powers Defendant has established and operates both a Police Department and a Fire Department as departments of the City.

6. At all times pertinent to this action, Defendant was the "employer" of all Police Officers and Firefighters pursuant to the definition of the ADA and GINA.

7. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C.§§ 12111(5), (7), and under Section 201(2)(B)(i) of GINA, 42 U.S.C.§ 2000ff(2)(B)(i), which incorporate by reference Section 70l(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h),

8. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

9. On November 30, 2022, Plaintiff filed a charge with the Equal Employment Opportunity Commission, Charge No. 430-2023-00712 alleging violations of the ADA and GINA by Defendant, on behalf of himself and all others similarly situated.

10. On July 31, 2024, the EEOC issued a determination finding that the evidence supports that Defendant violated GINA, specifically, that in or around June 2022, Defendant required Plaintiff to disclose family medical and genetic information history; and that further, this practice was ongoing since at least November 21, 2009, related to the Defendant's Police Department.

11. On November 11, 2024, the EEOC notified that the parties' attempts at Conciliation had failed and the claim would be referred to the United States Department of Justice for review.

12. On February 5, 2025, the United States Department of Justice issued a Right to Sue letter with respect to the ADA Claim.

13. On April 30, 2025, the Department of Justice reissued a Right to Sue letter related to the ADA Claim, and issued a right to sue with respect to the GINA claim.

14. All conditions precedent to the institution of this lawsuit have been fulfilled.

## COMMON FACTUAL ALLEGATIONS

15. Upon information and belief, since at least November 21, 2009, the Defendant had a policy and practice of requiring all Police Officers and Firefighters in its employ, to complete a biannual law enforcement medical exam questionnaire that required employees to disclose personal and family medical and genetic information history.

16. Defendant administered these questionnaires as part of physicals conducted by their agent, Atrium Health, in recent years.

17. At all times relevant to this action, Defendant, or their agents, would conduct the questionnaire and scheduling process for physicals for employees within Defendant's Police Department and Fire Department.

18. Defendant required the questionnaires to be filled out on at least a bi-annual basis.

19. If an employee refused to comply with filling out the required forms, that employee would be removed from their job and placed into a light-duty assignment, or the employee would face other adverse actions related to their employment by Defendant.

20. Upon information and belief, Defendant requires both firefighters and police officers to complete the same medical questionnaire (Exhibit 1), schedule their physicals, and complete them concurrently.

4

21.     Defendant was responsible for the administration of the questionnaire, specifically Defendant required that the employee fill it out in its entirety and submit the questionnaire at least one week prior to their physical examination.

22.     The questionnaire includes a section requiring the employee to disclose whether their siblings, parents, and/or grandparents suffered from significant medical problems including cardiovascular disease, sudden cardiac death, diabetes, or cancer. (Exhibit 1).

23.     The questionnaire requested information about the manifestation of a disease or disorder in Plaintiff's immediate family which constitutes Genetic Information as defined by GINA, 42 U.S.C. § 2000ff (4).

24.     From at least November 21, 2009, to the present, Defendant or their agents, conducted additional detailed inquiries into the family medical history of employees during the in-person medical examinations, which included soliciting information regarding cancer history, heart history, and blood pressure history regarding family members.

25.     The request for Defendant's employee's family medical history and Genetic Information is a *per se* violation of GINA. 42 U.S.C. § 2000ff-1(b).

26.     The requirement that employees fully complete the questionnaire including family medical history and Genetic Information is a *per se* violation of GINA as well. 42 U.S.C. § 2000ff-1(b).

27.     Upon information and belief, depending on the results of the physical examination and information disclosed via the questionnaire, Defendant or their agents would require additional testing of various Class Members which was paid by the putative Class Members out of pocket.

5

28. Individual putative Class Members would bear the financial cost or use their own medical insurance to pay for the required additional testing and subsequent treatment required by the Defendant.

29. The scope and breadth of testing and health information sought was not all related to the performance of the essential functions of the Police Officers and Firefighters, nor was the scope or breadth of information sought a business necessity for Defendant.

30. During the relevant period of this litigation, Defendant sought, directly or through their agents, family medical history and information from Plaintiff and Class Members which was not connected to the essential functions of their job or the performance of their job duties.

31. On June 7, 2022, Bumgardner and many other employees of the City were contacted by Stephanie Welch via email. In the email she attached the medical questionnaire for completion. (Exhibit 1).

32. The specific email shows at least seventy (70) police officer to whom the questionnaire had been sent and who were scheduled for a physical. (Exhibit 1).

33. On July 19, 2022, Bumgardner was contacted by Captain Adrienne Walker via email. Her email explained that he was one of eighteen police officers who had their physicals scheduled in the near future who had not at that point completed their questionnaire.

34. Captain Walker informed the officers that appointments would be and had been cancelled if the questionnaire was not completed and returned in a timely fashion.

35. Defendant's request for genetic information was not inadvertent, and was required as a part of Plaintiff and Class Members employment.

## PLAINTIFF SPECIFIC ALLEGATIONS

36. Plaintiff became an employee of Defendant in or about December 2015.

37. Plaintiff was hired originally as a Patrol Officer II. Plaintiff has subsequently held multiple positions, and currently is a Patrol Officer III in the Police Department's Community Policing Unit.

38. Throughout his employment, Plaintiff was required to do physicals, including the submission of the same medical questionnaire requiring family medical history, in June, 2017, May 2019, and August 2022. Upon information and belief, Defendant delayed the submission of questionnaires and physicals because of the Covid-19 Pandemic.

39. Plaintiff had previously been required to fill out medical questionnaires, including family medical history and information not related to the performance of his job duties or essential functions as a Police Officer.

40. Defendant, through their agent Atrium Health, required Plaintiff to undergo additional medical testing due to his disability, diabetes, including tests related to his vision.

41. Plaintiff was required to pay out of pocket for additional testing and medical treatment by the Defendant.

42. Diabetes is a disability because of which Plaintiff suffers physical issues and which impacts the major life activities of eating, caring for himself, thinking, impairments to seeing, and communicating.

43. Plaintiff is a qualified individual with a disability who is able to perform the essential functions of his position as a police officer (Patrol Officer III) with or without reasonable accommodation.

44. During the entire period of his employment with Defendant, he was commended for his performance and invariably achieved excellent results.

45. Following June 7, 2022, and July 19, 2022, e-mails requiring Plaintiff to present for a physical examination and additional testing, Plaintiff attempted to engage in the interactive process with Defendant; however, Defendant has failed to offer reasonable accommodations. Defendant required the completion of the entire medical questionnaire, the physical, and all follow-up testing and treatment from the physical.

46. Plaintiff was informed that the completion of the entire questionnaire (Exhibit 1) and the physical was mandatory and a requirement in order to keep working in his current position.

## CLASS ALLEGATIONS

47. Plaintiff brings this lawsuit under Rules 23(a) and (b) of the Federal Rules of Civil Procedure on behalf of the following putative classes:

> **Police Officer Class.** All sworn law enforcement officers or Police Officers employed by the City of Gastonia from November 21, 2009, through the present. (Police Officer Class);
>
> **Firefighter Class**. All Firefighters employed by the City of Gastonia from November 21, 2009, through the present. (Firefighter Class)

48. Excluded from the Classes is Defendant, any controlled person of Defendant, as well as the officers and directors of Defendant and the immediate family members of any such person. Also excluded are any judge who may preside over this cause of action and the immediate family members of any such person. Plaintiff reserves the right to modify, change or expand the Class definitions based upon discovery and further investigation.

49. **Numerosity.** While the exact number of Class Members is unknown to Plaintiff at this time, upon information and belief, the Classes consist of at least hundreds of individuals and employees, making joinder impractical.

50. **Commonality and Predominance.** Common questions of law and fact exist with regard to the claim and predominate over questions affecting only individual Class Members, in that all of these employees have been damaged by Defendant's violations of GINA and the ADA. Questions common to the class include:

   a. Whether Defendant sought information regarding employees genetic health Information;

   b. Whether the provision of that information was a prerequisite to continued employment or related to adverse actions against Class Members for not providing the Genetic health information;

   c. Whether the conduct of Defendant violated GINA by the unlawful request and requirement by Defendant to provide genetic information about immediate family members;

   d. Whether Defendant should destroy any information obtained in violation of GINA;

   e. Whether the medical information required to be provided by employees to Defendant was related to the performance of Class Members essential functions and was a business necessity to Defendant as required by the ADA;

   f. What are the proper remedies to ensure this action does not continue to take place against the Classes; and,

   g. What is the proper measure of damages sustained by members of the Classes?

51. **Typicality.** The Claims of Plaintiff herein are typical of those claims which could be alleged by any member of the Classes, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All Class Members have personal

interests representative of the class, and have been subject to the same practices of Defendant, as alleged herein, of requiring disclosure of health information in violation of GINA and the ADA. The Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

52. **Adequacy.** Plaintiff is able to fairly and adequately protect the interest of all members of the class, and there are no known conflicts of interest between the Plaintiff and other Class Members. Plaintiff has retained counsel who have previously represented Plaintiffs in other GINA and ADA cases, and who are experienced and competent in both class action and employment litigation.

53. **Superiority.** A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is impractical. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class Members are small in the sense pertinent to class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The cost to the court system and the public of adjudication of individual litigation and claims would be substantial and substantially more than if the claims were treated as class action. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of

Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to fashion methods to efficiently manage this action as a class action.

54. **Public Policy Considerations.** Upon information and belief, employees whose GINA protections are violated are afraid to assert their rights out of fear of direct or indirect retaliation because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the Class Action Complaint a degree of anonymity that allows for vindication of their rights while eliminating or reducing these risks.

55. **Injunctive Relief.** Plaintiffs also satisfy the requirements for maintaining a class under Rule 23(b)(2). Defendant acted on grounds that apply generally to the proposed Classes, making final declaratory or injunctive relief appropriate with respect to the proposed Classes as a whole.

## WAIVER OF IMMUNITY

56. Upon information and belief, Defendant has waived sovereign or governmental immunity through the purchase of one or more policies of liability insurance pursuant to N.C. Gen. Stat. § 160A-485, and/or by participating in a local government risk pool pursuant to N.C. Gen. Stat. § 58-23-5.

# CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF ON BEHALF OF BUMGARDNER AND ALL CLASS MEMBERS SIMILARLY SITUATED
### Discrimination in Violation of GINA

57. Plaintiffs hereby incorporate by reference the above paragraphs as if fully set forth herein.

58. It is unlawful for an employer to request or require Genetic Information with respect to an employee or family member of an employee pursuant to GINA. 42 U.S.C. § 2000f-1(b).

59. It is unlawful for an employer to discriminate against or take any adverse action against an employee because of Genetic Information with respect to the employee or a family member of the employee, or to impose a condition of employment the provision of such Genetic Information in violation of GINA, 42 U.S.C. § 2000ff-1(a).

60. As set forth above, Plaintiff Bumgardner and the Class Members were discriminated against and had their rights under GINA violated by Defendant by:

   a. Providing Plaintiffs with a medical questionnaire and requiring that each Plaintiff provide Genetic Information as defined by GINA, 42 U.S.C. § 2000ff (4);

   b. Requiring Genetic Information from the Plaintiffs, including information about the manifestation of disease and disorders of family members, as defined by GINA, 42 U.S.C. § 2000ff(4);

   c. Requiring the complete of the medical questionnaire, and provision of medical information protected by GINA as set forth herein, a condition of Plaintiffs' continued employment with Defendant in violation of GINA, 42 U.S.C. § 2000ff-1(a)-(b); and

d. Requesting Genetic Information of the Plaintiffs or their family members in violation of GINA, 42 U.S.C. §2000ff-1(b).

61. As a proximate cause of Defendant's actions in violation of GINA, the Plaintiffs have suffered substantial damages, including lost income and benefits; emotional distress and mental anguish, loss of quality of life and reputation; and other damages to be proven at trial.

62. Plaintiffs are entitled to appropriate relief pursuant to GINA, including compensatory damages, injunctive relief, and reasonable attorney's fees and costs for their representation herein pursuant to 42 U.S.C. § 2000ff-6.

### SECOND CLAIM FOR RELIEF ON BEHALF OF BUMGARDNER AND ALL THOSE SIMILARLY SITUATED
### Unlawful Request in Violation of GINA

63. Plaintiffs hereby incorporate by reference the above paragraphs as if fully set forth herein.

64. It is unlawful for an employer to request or require Genetic Information with respect to an employee or family member of an employee pursuant to GINA. 42 U.S.C. § 2000ff-1(b).

65. It is unlawful for an employer to discriminate or discharge an employee because of Genetic Information with respect to the employee or a family member of the employee, or to impose as a condition of employment the provision of such Genetic Information in violation of GINA, 42 U.S.C. §2000ff-1(a).

66. As set forth above, Plaintiffs' rights under GINA were violated by Defendant by:

a. Providing Plaintiff with a medical questionnaire and requiring that they provide Genetic Information as defined by GINA, 42 U.S.C § 2000ff (4);

b. Requiring Genetic Information from the Plaintiffs, including information about the manifestation of disease and disorders of family members, as defined by GINA, 42 U.S.C. § 2000ff (4);

c. Requiring the completion of the medical questionnaire, and provision of medical and genetic information protected by GINA as set forth herein, as a condition of Plaintiffs' continued employment in violation of GINA, 42 U.S.C. § 2000ff -1(a)-(b);

d. Requiring, as a condition of continued employment, Genetic Testing, as defined by GINA, 42 U.S.C. § 2000ff(7); and,

e. Requesting Genetic Information of the Plaintiffs or their family members in violation of GINA, 42 U.S.C. § 2000ff-1(b).

67. As a proximate result of Defendant's violation of GINA, the Plaintiff and Class Members have suffered substantial damages, including lost income and benefits; emotional distress and mental anguish; loss of quality of life and reputation; and other damages to be proven at trial.

68. Plaintiff and Class Members are entitled to appropriate relief pursuant to GINA, including compensatory damages, injunctive relief, and reasonable attorney's fees and costs for their representation herein pursuant to 42 U.S.C. § 2000ff-6.

**THIRD CLAIM FOR RELIEF ON BEHALF OF BUMGARDNER AND ALL THOSE SIMILARLY SITUATED**
**Discrimination in violation of the ADA against**
**Defendant**

69. Plaintiffs hereby incorporate by reference the above paragraphs as if fully set forth herein.

70. As set forth above, Plaintiff and Class Members were discriminated against in violation of the ADA by Defendant in the following actions:

　　a. Providing Plaintiff with a medical questionnaire (Exhibit 1) and requiring that he and Class Members provide personal and family medical information in violation of the ADA as set forth above;

　　b. Inquiring of Plaintiff and Class Members as to whether Plaintiff and Class Members are individuals with a disability in violation of the ADA, 42 U.S.C § 12112 (d)(4)(A);

　　c. Requiring, as a condition of continued employment, Plaintiff and Class Members to provide medical information not related to the performance of his job duties and not a business necessity which violated the ADA, 42 U.S.C § 12112 (d)(4)(A);

　　d. Requiring Plaintiff and Class Members to pay out of pocket for additional testing and treatment stemming from the employment examinations in violation of the ADA.

71. As a proximate result of Defendant's violations of the ADA, Plaintiff and Class Members have suffered substantial damages, including economic losses, and other compensatory damages

72. Plaintiff and Class Members are entitled to appropriate relief pursuant to the ADA, including compensatory damages, injunctive relief, and reasonable attorney's fees and costs for representation herein pursuant to 42 U.S.C. § 12117(a).

# REQUEST FOR RELIEF

WHEREFORE, Plaintiff hereby requests the following relief:

1. That the Court declare that the actions against Plaintiff and Classes by Defendant were in violation of Plaintiff and Class Member's federal rights.

2. That the Court enter an order prohibiting the use of medical questionnaires or any similar medical questionnaire and practices which violate the rights of employees of Defendant pursuant to GINA and the ADA;

3. That Plaintiff and Classes recover of Defendant, jointly and severally, compensatory damages in an amount in excess of $100,000;

4. That Plaintiff and Classes recover pre-judgment and post-judgment interest on all amounts recovered herein;

5. That Plaintiff and Classes recover the costs of this action, including reasonable attorneys' fees for their representation herein pursuant to 42 U.S.C. § 1988 and 42 U.S.C. § 12205; and 42 U.S.C. § 2000ff-6 and Rule 23 of the Federal Rules of Civil Procedure; and,

6. That this Court grant additional relief which it deems just and appropriate.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff and Putative Class Members demand a trial by jury on all issues presented herein.

This the 5th day of May, 2025.

/s/ Daniel C. Lyon
Daniel C. Lyon
N.C. State Bar No. 43828
Elizabeth B. Hilker
N.C. State Bar. No. 49083
ELLIOT MORGAN PARSONAGE, PLLC
300 E. Kingston Ave.
Suite 200
Charlotte, NC 28203
Telephone: (704) 707-3705
Facsimile: (336) 724-3335
Email: dlyon@emplawfirm.com
ehilker@emplawwfirm.com

*Attorneys for Plaintiff and Putative Class Members*