UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
Civil Action No.: 3:25-cv-00302-MOC-SCR

| | |
|---|---|
| BRAD BUMGARDNER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF GASTONIA,<br><br>Defendant. | **DEFENDANT CITY OF GASTONIA'S ANSWER TO PLAINTIFF'S CLASS AND COLLECTIVE ACTION COMPLAINT** |

NOW COMES the Defendant The City of Gastonia ("Defendant" or "the City"), by and through counsel, responding to Plaintiff's Class and Collective Action Complaint as follows:

## NATURE OF THE ACTION

The allegations in these three un-numbered paragraphs do not require a response. To the extent a response is required, it is specifically denied that Defendant discriminated against the alleged representative Plaintiff, or anyone else, or is otherwise liable to the alleged representative Plaintiff, or anyone else, under any statute, law, or theory.

## JURISDICTION AND VENUE

1. This paragraph calls for a legal conclusion for which no response is required. To the extent a response is necessary, it is admitted that the statutes referenced in this paragraph are written documents, the contents of which speak for themselves and are the best evidence of their contents. To the extent the allegations of this paragraph contradict the written documents, they are denied. Except as admitted, denied.

2. This paragraph calls for a legal conclusion for which no response is required. To the extent a response is necessary, it is admitted upon information and belief that the Western District of North Carolina has jurisdiction over this matter. It is expressly denied that Defendant committed wrongful employment practices. Except as admitted, denied.

## PARTIES

3. It is admitted upon information and belief that Plaintiff Brad Bumgardner is a resident of Cleveland County and that he is employed by the City. Except as admitted, denied as stated or for lack of information or belief.

4. It is admitted that Plaintiff Brad Bumgardner is employed by the City as a Police Officer. Except as admitted, denied for lack of information or belief.

5. Admitted.

6. This paragraph calls for a legal conclusion for which no response is required. To the extent a response is necessary, it is admitted that the City employs Police Officers and Firefighters. Except as admitted, denied as stated or for lack of information or belief.

7. This paragraph calls for a legal conclusion for which no response is required. To the extent a response is necessary, it is admitted that the statutes referenced in this paragraph are written documents, the contents of which speak for themselves and are the best evidence of their contents. To the extent the allegations of this paragraph contradict the written documents, they are denied. Except as admitted, denied.

8. This paragraph calls for a legal conclusion for which no response is required. To the extent a response is necessary, it is admitted that the statutes referenced in this paragraph are written documents, the contents of which speak for themselves and are the best evidence of their contents. To the extent the allegations of this paragraph contradict the written documents, they are denied. Except as admitted, denied.

4918-0744-2259, v. 2

## ADMINISTRATIVE PROCEDURES

9. It is admitted that Plaintiff filed a Charge with the Equal Employment Opportunity Commission, Charge No. 430-2023-00712, which is a written document, a true and accurate copy of which is attached hereto as **Exhibit 1**, the contents of which speak for themselves and are the best evidence of their contents. To the extent the allegations of this paragraph contradict the written document, they are denied. Except as admitted, denied.

10. It is admitted that the EEOC issued a letter of determination on July 31, 2024, which is a written document, the contents of which speak for themselves and are the best evidence of their contents. To the extent the allegations of this paragraph contradict the written document, they are denied. Except as admitted, denied.

11. It is admitted that the determination of the EEOC referenced in this paragraph is a written document, the contents of which speak for themselves and are the best evidence of their contents. To the extent the allegations of this paragraph contradict the written document, they are denied. Except as admitted, denied.

12. It is admitted that the United States Department of Justice issued a Right to Sue letter on February 5, 2025, which is a written document, the contents of which speak for themselves and are the best evidence of their contents. To the extent the allegations of this paragraph contradict the written document, they are denied. Except as admitted, denied.

13. It is admitted that the United States Department of Justice issued a second Right to Sue letter on April 30, 2025, which is a written document, the contents of which speak for themselves and are the best evidence of their contents. To the extent the allegations of this paragraph contradict the written document, they are denied. Except as admitted, denied.

14. Denied for lack of information or belief.

## COMMON FACTUAL ALLEGATIONS

4918-0744-2259, v. 2

15. Denied.

16. It is admitted that the City contracted with Atrium to create the questionnaires and conduct the required bi-annual physicals. Except as admitted, denied as stated.

17. It is admitted that the City requires bi-annual physicals for law enforcement officers that occur every other year on-site at the City's Employee Health Clinic and that are staffed by a City nurse and an Atrium employee. It is further admitted that in preparation for the physicals, Atrium created the questionnaire referenced in this paragraph that employees had to complete as part of the biannual physical process, and submitted the medical questionnaire to the City for the City to forward to the sworn employees scheduled for a physical. Except as admitted, denied.

18. Admitted.

19. Denied .

20. It is admitted that some Firefighters and Police Officers have completed the medical questionnaire attached to Plaintiff's Complaint as Exhibit 1 and it is admitted that the bi-annual physicals were scheduled concurrently with the medical questionnaire. It is further admitted that the contents of the questionnaire have been changed since the City began this practice, with the last change occurring in February of 2023. Except as admitted, denied.

21. Denied as stated.

22. It is admitted that the questionnaire referenced in this paragraph is a written document, the contents of which speak for themselves and are the best evidence of their contents. To the extent the allegations of this paragraph contradict the written document, they are denied. Except as admitted, denied.

23. It is admitted that the questionnaire referenced in this paragraph is a written document, the contents of which speak for themselves and are the best evidence of their contents. To the

4918-0744-2259, v. 2

extent the allegations of this paragraph contradict the written document, they are denied. Except as admitted, denied.

24. Denied.

25. This paragraph calls for a legal conclusion for which no response is required. To the extent a response is necessary, it is admitted that the statute referenced in this paragraph are written documents, the contents of which speak for themselves and are the best evidence of their contents. To the extent the allegations of this paragraph contradict the written document, they are denied. Except as admitted, denied.

26. This paragraph calls for a legal conclusion for which no response is required. To the extent a response is necessary, it is admitted that the statute referenced in this paragraph are written documents, the contents of which speak for themselves and are the best evidence of their contents. To the extent the allegations of this paragraph contradict the written document, they are denied. Except as admitted, denied.

27. Denied as stated.

28. Denied as stated.

29. Denied.

30. Denied.

31. It is admitted that the email referenced in this paragraph is a written document, the contents of which speak for themselves and are the best evidence of their contents. To the extent the allegations of this paragraph contradict the written document, they are denied. Except as admitted, denied.

32. It is admitted that the email referenced in this paragraph is a written document, the contents of which speak for themselves and are the best evidence of their contents. To the extent the

4918-0744-2259, v. 2

allegations of this paragraph contradict the written document, they are denied. Except as admitted, denied.

33. It is admitted that the email referenced in this paragraph is a written document, the contents of which speak for themselves and are the best evidence of their contents. To the extent the allegations of this paragraph contradict the written document, they are denied. Except as admitted, denied.

34. It is admitted that the email referenced in this paragraph is a written document, the contents of which speak for themselves and are the best evidence of their contents. To the extent the allegations of this paragraph contradict the written document, they are denied. Except as admitted, denied.

35. Denied as stated.

## PLAINTIFF SPECIFIC ALLEGATIONS

36. Admitted.

37. Admitted.

38. It is admitted that the City contracts with Atrium to conduct required biannual physicals of its law enforcement officers because they are in safety sensitive positions, including Plaintiff. It is further admitted that the questionnaire referenced in this paragraph is a form created by Atrium that law enforcement officers, including Plaintiff, were required to complete. Except as admitted, denied as stated or for lack of information or belief.

39. It is admitted that Plaintiff was previously required to fill out medical questionnaires created by Atrium. It is expressly denied that the questionnaires were not related to the performance of his job duties or the essential functions of his position as a law enforcement officer. Except as admitted, denied.

4918-0744-2259, v. 2

40. It is admitted that Atrium directed Plaintiff to undergo additional medical testing, apparently due to his condition of diabetes, including vision tests. Except as admitted, denied as stated.

41. Denied for lack of information or belief.

42. It is admitted, upon information and belief, that diabetes constitutes a disability. Except as admitted, denied for lack of information or belief.

43. Denied as stated or for lack of information or belief.

44. It is admitted that Plaintiff's performance has been documented in performance evaluations, which are written documents, the contents of which speak for themselves and are the best evidence of their contents. To the extent the allegations of this Paragraph contradict the written documents, they are denied. Except as admitted, denied.

45. It is admitted that Plaintiff was required to complete the questionnaire and physical administered by Atrium, after which he was cleared for duty. It is specifically denied that Plaintiff attempted to engage in the interactive process with Defendant and denied that Defendant failed to offer Plaintiff reasonable accommodations, or that Plaintiff ever requested any reasonable accommodations. Except as admitted, denied.

46. It is admitted that the completion of the questionnaire and the physical conducted by Atrium were mandatory for law enforcement officers because they are in safety sensitive positions. Except as admitted, denied as stated or for lack of information or belief.

## CLASS ALLEGATIONS

47. This paragraph contains no allegations and, therefore, no response is required. To the extent of a response is necessary, it is specifically denied that Defendant is liable to the alleged representative Plaintiff, or anyone else, under any statute, law or theory.

48. Denied for lack of information or belief.

49. Denied for lack of information or belief.

4918-0744-2259, v. 2

50. Denied, including all subparts.

51. Denied.

52. Denied as stated or for lack of information or belief.

53. Denied.

54. Denied as stated or for lack of information or belief.

55. Denied.

## WAIVER OF IMMUNITY

56. This paragraph constitutes a legal conclusion to which no response is required. To the extent a response is required, it is admitted that Defendant purchased liability insurance. Except as admitted, denied.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF ON BEHALF OF BUMGARDNER AND ALL CLASS MEMBERS SIMILARLY SITUATED
### Discrimination in Violation of GINA

57. Defendant incorporates by references its responses to the foregoing paragraphs as if fully set forth herein.

58. This paragraph constitutes a legal conclusion to which no response is required. To the extent a response is required, it is denied that Defendant is liable to Plaintiff based on any statute, law, or theory.

59. This paragraph constitutes a legal conclusion to which no response is required. To the extent a response is required, it is denied that Defendant is liable to Plaintiff based on any statute, law, or theory.

60. Denied, including all subparts.

61. Denied.

62. Denied.

4918-0744-2259, v. 2

## SECOND CLAIM FOR RELIEF ON BEHALF OF BUMGARDNER AND ALL THOSE SIMILARLY SITUATED
**Unlawful Request in Violation of GINA**

63. Defendant incorporates by references its responses to the foregoing paragraphs as if fully set forth herein.

64. This paragraph constitutes a legal conclusion to which no response is required. To the extent a response is required, it is denied that Defendant is liable to Plaintiff based on any statute, law, or theory.

65. This paragraph constitutes a legal conclusion to which no response is required. To the extent a response is required, it is denied that Defendant is liable to Plaintiff based on any statute, law, or theory.

66. Denied, including all subparts.

67. Denied.

68. Denied.

## THIRD CLAIM FOR RELIEF ON BEHALF OF BUMGARDNER AND ALL THOSE SIMILARLY SITUATED
**Discrimination in violation of the ADA against Defendant**

69. Defendant incorporates by references its responses to the foregoing paragraphs as if fully set forth herein.

70. Denied, including all subparts.

71. Denied.

72. Denied.

The remainder of Plaintiff's Class and Collective Action Complaint, not already fully answered herein, including Plaintiff's prayer for relief, is denied.

## FIRST AFFIRMATIVE DEFENSE

The employment practices of the Defendant are now, and have been during the period of time referenced in the Complaint, conducted in all aspects in accordance with the state and federal laws, and in good faith.

## SECOND AFFIRMATIVE DEFENSE

Defendant's actions, practices, and policies about which Plaintiff complain are and have been based on legitimate nondiscriminatory reasons and are and have been necessary to the orderly, safe, and efficient operation of Defendant's business.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver and estoppel.

## FOURTH AFFIRMATIVE DEFENSE

As a further defense, Defendant alleges that Plaintiff's claims are barred by all applicable statutes of limitation and repose.

## FIFTH AFFIRMATIVE DEFENSE

As a further defense, Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## SIXTH AFFIRMATIVE DEFENSE

Defendant pleads lack of subject matter jurisdiction and personal jurisdiction pursuant to the provisions of Rules 12(b)(1) and 12(b)(2) of the Federal Rules of Civil Procedure.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant pleads all applicable immunities to which it is entitled by operation of law and in bar of Plaintiff's claims herein, including, but not limited to, governmental immunity.

## EIGHTH AFFIRMATIVE DEFENSE

This action may not properly proceed as a class action under Federal Rule of Civil Procedure 23 to the extent that, among other reasons, Plaintiff Bumgardner's claims are not typical

4918-0744-2259, v. 2

of the claims of each putative class member; questions of law and fact allegedly common to the putative class do not predominate over the numerous questions affecting only putative class members; a class action is not superior to other available methods for the fair and efficient adjudication of Plaintiff's claims and any claims of putative class members; Plaintiff Bumgardner is unable to fairly and adequately protect the interests of the putative class members; and there are insurmountable difficulties in any attempt to proceed as a class action.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail against Defendant, in whole or in part, to the extent he has failed to exhaust his available administrative remedies. Plaintiff's claims cannot be considered by this Court under the federal employment discrimination statutes if they were not alleged or encompassed in Plaintiff's Charge filed with the Equal Employment Opportunity Commission, or were not within the scope of the EEOC's administrative investigation of Plaintiff's Charge, and such claims should be dismissed.

## TENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks relief for conduct occurring more than 180 days before Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission, any such claims are barred by the statute of limitations set forth in 42 U.S.C. § 2000(e)-5(e).

## ELEVENTH AFFIRMATIVE DEFENSE

The 1991 amendment to Title VII limits the amount of damages that Plaintiff can recover for compensatory and punitive damages allegedly incurred by Plaintiff. Any amount claimed in excess thereof should be dismissed.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are further barred, reduced, and/or limited pursuant to applicable statutory provisions and common law doctrines regarding limitations on awards, caps

4918-0744-2259, v. 2

on damages, laches, and setoffs.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant asserts that some or all of the claims against it are barred by the concurring, intervening, superseding, or insulating acts, fault, or breach of persons or entities other than Defendant and over which Defendant had no control. In the event that it should be determined that the alleged injuries and/or damages in question were the result of any alleged negligent, willful, wanton, or intentional act, or breach of duty or contract by any other person, firm, or corporation, then Defendant avers that any such act or breach of duty or contract was active and primary and the real cause of any injuries and/or damages allegedly sustained by representative Plaintiff, or any other person, and that any purported act, omission, or negligence, willful, wanton, or intentional act, or breach of duty by such other persons, firms, or corporations, other contractors, agents, servants, and employees, intervened, superseded, and insulated any purported act or omission on the part of Defendant from being a proximate cause of any alleged damages sustained by representative Plaintiff or any other person. It is further averred that any fault on the part of Defendant – which has been and is again expressly denied – was passive and secondary to the primary, active, and superseding fault of others.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant hereby gives notice that it intends to rely upon such other defenses and/or claims as may become available or appear during discovery in this case or otherwise, and hereby reserves the right to amend this Answer and affirmative defenses as necessary.

WHEREFORE, Defendant, having fully responded to Plaintiff's Class and Collective Action Complaint, prays unto the Court as follows:

1. That Plaintiff have and recover nothing of Defendant and that Plaintiff's Complaint be dismissed with prejudice;

4918-0744-2259, v. 2

2. That the costs of this action be taxed against the Plaintiff;

3. That they have a trial by jury on all issues so triable; and

4. For such other and further relief as this Court deems just and proper.

This the 7th day of July, 2025.

**CRANFILL SUMNER LLP**

BY: /s/ *Kayla N. McDaniel*
Patrick H. Flanagan, NC Bar #17407
Kayla N. McDaniel, NC Bar # 57995
*Attorneys for Defendant*
P.O. Box 30787
Charlotte, NC 28230
Telephone (704) 332-8300
Facsimile (704) 332-9994
phf@cshlaw.com
kmcdaniel@cshlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2025, I electronically filed the foregoing ***DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS AND COLLECTIVE ACTION COMPLAINT*** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

Daniel C. Lyon
Elizabeth B. Hilker
ELLIOT MORGAN PARSONAGE, PLLC
300 E. Kingston Ave.
Suite 200
Charlotte, NC 28203
Telephone: (704) 707-3705
Facsimile: (336) 724-3335
Email: dlyon@emplawfirm.com
ehilker@emplawwfirm.com

**CRANFILL SUMNER LLP**

BY: /s/ *Kayla N. McDaniel*
Patrick H. Flanagan, NC Bar #17407
Kayla N. McDaniel, NC Bar # 57995
*Attorneys for Defendant*
P.O. Box 30787
Charlotte, NC 28230
Telephone (704) 332-8300
Facsimile (704) 332-9994
phf@cshlaw.com
kmcdaniel@cshlaw.com