UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
Civil Action No.: 3:25-cv-00302-MOC-SCR

| | |
|---|---|
| BRAD BUMGARDNER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF GASTONIA,<br><br>Defendant. | **CONSENT PROTECTIVE ORDER** |

This matter is before the Court pursuant to Rules 26(c)(1)(A) of the Federal Rules of Civil Procedure, for the entry of a Protective Order. The Court may, for good cause shown, issue a Protective Order for a person or party with the consent of the parties to govern disclosure and protection of confidential information.

Plaintiff and Defendant (collectively the "Parties"), by and through their respective counsel, are presently engaged in discovery, and it is anticipated that certain documents and information have and will be sought, produced, or exhibited by and among the parties to the above-captioned proceeding that are confidential in nature and may only be disclosed under court order. The Parties hereby stipulate and request that this Protective Order be entered and that the same authorize and govern the release of some of the Parties' documents, information, and materials, including certain personal and confidential medical records and protected health information, as well as personnel records.

The terms of this Stipulated Protective Order shall be as follows:

This Stipulated Protective Order shall govern the use and dissemination of all information, documents and materials that shall be produced, or have been produced in this action and are specifically designated as Confidential. All information listed in N.C. Gen. Stat. § 160A-168(b); is exempt from being designated as Confidential as it is designated public by statute.

No information subject to governmental public disclosure statutes, available pursuant to a Freedom of Information Act (FOIA) request or otherwise available in the public domain shall be designated as confidential or protected from disclosure by the Stipulated Protective Order.

The term Confidential Information, as used in this Protective Order, is defined to include:

(a) information, documents, or materials not in the public domain that are protected by statute, medical privilege, or so sensitive that their public disclosure is likely to cause harm;

(b) the non-public, personnel information of individual city employees, including police personnel, including personal information or personally identifying information such as home address or family member identities, banking, financial account, social security numbers or similar information;

(c) information protected from disclosure by contractual obligations with third parties;

(d) information protected from disclosure by law, including but not limited to N.C.G.S. § 160A-168 and §132-1.7.

(e) information protected from disclosure by law, including but not limited to N.C.G.S. §132-1.4(a); and

(f) medical records or health information that is not generally or publicly disclosed by the Party; or that is subject to the Health Insurance Portability and Accountability Act ("HIPAA") Pub. L. 104-191.

No materials subject to governmental public disclosure statutes, available pursuant to a Freedom of Information Act (FOIA) request or otherwise available in the public domain shall be designated as confidential or protected from disclosure by this Protective Order.

4921-1255-9204, v. 3

# CONFIDENTIAL INFORMATION

1. Any party to this action or other person or entity, including any third party, who produces or supplies information, documents, or other materials used in this action (hereinafter the "Designating Party" or the "Producing Party") may designate as "Confidential" any such information, document, or material that it reasonably and in good faith believes constitutes or contains Confidential Information. The designation shall be made by affixing on the document or material containing such information, and upon each page so designated, if practicable, a legend or marking that in substance states: "CONFIDENTIAL." Alternatively, the designation can be made in writing accompanying a production of information, documents, or other materials.

2. Portions of depositions may be redacted and designated "Confidential" by indicating that fact on the record at the deposition. If a Designating Party has advised the court reporter that Confidential Information has been disclosed during a deposition, the court reporter shall include on the cover page the following indication: DEPOSITION CONTAINS CONFIDENTIAL INFORMATION OF [NAME OF DESIGNATING PARTY] - SUBJECT TO PROTECTIVE ORDER. Within twenty (20) business days of receipt of the initial deposition transcript, the Designating Party shall advise the court reporter and opposing counsel of the specific pages and lines in which Confidential Information appears. Counsel for the opposing party may have immediate access to the deposition transcript, but prior to receipt of the page and line designations, shall treat the entire transcript as Confidential, if so designated at the deposition.

3. Confidential Information used in this litigation may be disclosed only to:

(a) The Court and its personnel;

4921-1255-9204, v. 3

(b) The parties to this litigation, including employees or representatives of any party to this litigation;

(c) Counsel for all parties, including attorneys and staff persons employed by such counsel;

(d) Any potential witness in litigation, to the extent it is necessary to tender to such witness a confidential document in order to elicit information relevant to the matters at issue in said litigation or to prepare such witness for testimony in this action;

(e) Court reporters, and/or videographers, their transcribers, assistants and employees;

(f) Claims representative(s) and insurance carrier(s) for the Parties, if any, including their attorneys;

(g) Any consultant, investigator or expert who is assisting in the preparation and trial of this litigation, but only to the extent reasonably necessary to enable such investigator or expert to render such assistance;

(h) A deponent, but only during the course of preparation for his or her deposition or in the actual course of his or her deposition;

(i) Any mediator selected with the consent of all parties or by the Court; and

(j) An outside vendor retained by counsel who is assisting in the preparation and trial of this litigation by preparing exhibits; making photocopies of documents or other similar activities, but only to the extent necessary to enable the vendor to render such assistance.

4. If a party wishes to disclose Confidential Information to any person not described in Paragraph 3 of this Protective Order, permission to so disclose must be requested from the Designating Party in writing. The Designating Party shall respond to the request within five (5) business days. A failure to respond shall be deemed a waiver by the Designating Party, and the party

wishing to make the proposed disclosure may do so without violating this Protective Order. If the Designating Party objects to the proposed disclosure, such disclosure shall not be made unless, upon motion by the party requesting such permission, the Court orders otherwise.

5. Prior to obtaining access to Confidential Information, any person to whom Confidential Information may be disclosed pursuant to Paragraphs 3 and 4 hereof, except the Court and its personnel, counsel of record, and in-house counsel for the City in this litigation, any court reporter and/or videographer, any mediator selected with the consent of all parties or by the Court, and any outside vendor retained by counsel, shall be shown and shall read a copy of this Protective Order and shall agree in writing to be bound by its terms.

## **GENERAL PROVISIONS**

6. Each person who receives material and information described herein submits himself or herself to the personal jurisdiction of the Court, wherever he or she shall be, for the enforcement of this Order.

7. Except to the extent expressly authorized in this Protective Order, Confidential Information shall not be used or disclosed for any purpose other than negotiation, the preparation and trial of this case, and/or any appeal therefrom.

8. Any summary, compilation, notes, copy, electronic image or database containing Confidential Information shall be subject to the terms of the Protective Order to the same extent as the material or information from which such summary, compilation, notes, copy, electronic image or database is made or derived.

9. Any party may object to a designation by notifying the Designating Party in writing of that objection. That writing must specify the document, page number, or bates range corresponding to the beginning and end of each document subject to objection as well as the bates number of

4921-1255-9204, v. 3

the particular page or pages of such documents that actually contain the designated material to which the objection is made. The parties shall, within five (5) business days of service of the written objection, confer concerning the objection. If the objection is not resolved, the Designating Party shall, within ten (10) business days of the conference, file and serve a motion to resolve the dispute over the designation of the material and shall bear the burden of proof on the issue. If no such motion is filed within the stated time period, the material will be re-designated as appropriate. If a motion is filed, information subject to dispute shall, until further order of the Court, be treated consistently with its designation. With respect to any material which is re-designated or ceases to be subject to the protection of this Protective Order, the Designating Party shall, at its expense, provide to each party which so requests additional copies thereof from which all confidentiality legends affixed here under have been adjusted to reflect the re-designation or removed as appropriate.

10. The inadvertent failure to designate any information pursuant to this Protective Order shall not constitute a waiver of any otherwise valid claim for protection, so long as such claim is asserted within ten (10) days of the initial production of such materials. At such time, arrangements shall be made for the return to the Designating Party of all copies of the inadvertently mis-designated documents and for the substitution, where appropriate, of properly labeled copies, Upon receipt of any such claim for inadvertent failure to designate, the party receiving the claim shall be bound by the re-designations pursuant to the terms of this Protective Order, absent application to the Court for de-classification of such documents pursuant to Paragraph No. 9 and an Order declassifying the same, but the party shall not be deemed to be in breach of this Protective Order by reason of any use or disclosure of such Confidential Information

6

Case 3:25-cv-00302-SCR-UMJ     Document 12     Filed 09/25/25     Page 6 of 10
4921-1255-9204, v. 3

that occurred before its receipt of the Designating Party's claim of inadvertent failure to designate.

11. In the case of inadvertently produced documents, including but not limited to privileged and/or work product documents, upon request of the Producing Party, the inadvertently produced documents, together with all copies thereof and any notes made therefrom, shall be returned immediately to the Producing Party or destroyed. The inadvertent production by a party does not waive any claim of privilege or work product for any document as to which the party asserts a claim of privilege or work product.

12. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Materials to any person or in any circumstance not authorized under this Order, the Receiving Party must promptly (a) notify the Designating Party of the unauthorized disclosure(s) in writing; (b) use its best efforts to retrieve all copies of the Protected Materials; (c) promptly inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request that the person or persons to whom unauthorized disclosures were made destroy any information, materials or documents not otherwise returned as well as any copies made thereof.

13. Nothing in this Protective Order precludes or limits a Party from viewing its own Confidential Information.

14. If counsel for any party receives notice of any subpoena or other compulsory process commanding production of Confidential Information that a party has obtained under the terms of this Protective Order, counsel for such party shall, if there are fewer than ten (10) days to comply, ·within two (2) days, or if more than ten (10) days, at least seven (7) days prior to the due date of compliance, notify the Designating Party in writing, and shall not produce the

Confidential information, until the Designating Party has had reasonable time to take appropriate steps to protect the material. It shall be the responsibility of the Designating Party to obtain relief from the subpoena or order prior to the due date of compliance, and, to give the Designating Party an opportunity to obtain such relief, the party from whom such information is sought shall not make the disclosure before the actual due date of compliance set forth in the subpoena or order.

15. This Protective Order shall not prevent any of the parties from moving this Court for an order that Confidential Information may be disclosed other than in accordance with this Protective Order. This Protective Order is without prejudice to the right of any party to seek its modification by the Court. It shall remain in effect until such time as it is modified, amended, or rescinded by the Court. This Protective Order does not affect any party's rights to object to discovery on any grounds other than an objection based solely on the ground that the information sought is confidential in nature.

16. This Protective Order is not intended to govern the use of Confidential Information at any trial of this action. Questions of the protection of Confidential information during trial will be presented to and ruled upon by the trial judge prior to or during trial as each party deems appropriate.

17. The production or disclosure of CONFIDENTIAL files pursuant to the terms of this ORDER shall not waive or prejudice the right of any party to object to the production or admissibility of documents or information, on grounds other than confidentiality, including the attorney-client or work product privileges, in this litigation.

18. It is specifically agreed that making the materials or documents available for inspection and the production of the materials or documents shall not constitute a waiver by the parties of any

4921-1255-9204, v. 3

claims of confidentiality, and the production of such materials or documents shall not be considered as an acknowledgment that the materials or documents may be admissible into evidence at the hearing of this matter.

19. This Court shall have continuing jurisdiction to modify, enforce, interpret or rescind this Protective Order, notwithstanding the termination of this action.

20. This Protective Order shall not prevent the parties from applying for relief from this Protective Order, or from applying for further or additional Protective Orders, or from agreeing between themselves to modification of this Protective Order.

21. Upon final adjudication of this action, all confidential information subject to the provisions of this Order (including any copies made and/or computer materials made or stored) that are not part of the court record or otherwise public record as defined by law shall be returned to the party that provided the materials and that no party shall be permitted to retain a physical or electronic copy of material previously provided or provided pursuant to this order unless such materials were made part of the court record or the Designating Party consents. No party shall be permitted to retain personnel information as defined by N.C.G.S.§ 160A-168 unless such materials were made part of the court record or the subject employee consents.

This the ____ of _____, 2025.

_____
WESTERN DISTRICT OF NORTH CAROLINA
MAGISTRATE/DISTRICT COURT JUDGE

WE CONSENT:

**ELLIOT MORGAN PARSONAGE, PLLC**

BY:   /s/ Elizabeth B. Hilker
Daniel C. Lyon, NC Bar # 43828
Elizabeth B. Hilker, NC Bar # 49083
*Attorneys for Plaintiff*

**CRANFILL SUMNER LLP**

BY:   /s/ Kayla N. McDaniel
Patrick H. Flanagan, NC Bar #17407
Kayla N. McDaniel, NC Bar # 57995
*Attorneys for Defendant*

4921-1255-9204, v. 3